UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SARAH K. GRUNBLATT | CIVIL ACTION |
| VERSUS | NO. 24-632 |
| LOUISIANA DEPARTMENT OF HEALTH | SECTION: D (4) |

## ORDER AND REASONS

Before the Court is a Motion For Judgment on the Pleadings, filed by defendant, the Louisiana Department of Health ("LDH").[1] LDH argues that Sarah Grunblatt's claims brought under Title I of the Americans with Disabilities Act must be dismissed under Fed. R. Civ. P. 12(c) because they are barred by sovereign immunity.

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. The instant Motion had a submission date of December 24, 2024.[2] As of the date of this Order, no memorandum in opposition has been submitted.

After careful consideration of the Motion and the applicable law, the Motion is **GRANTED.**

### I.   FACTUAL AND PROCEDURAL BACKGROUND

This case involves claims of retaliation and disability discrimination under the Americans With Disabilities Act (the "ADA"), 42 U.S.C. § 12112, *et seq.*, and the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII").[3] Sarah Grunblatt

---

[1] R. Doc. 23.
[2] *Id.*
[3] R. Doc. 1 at ¶ 1.

("Plaintiff") alleges that she was hired by the Louisiana Department of Health ("LDH") on February 20, 2023 as a Program Manager of Public Health Infrastructure,[4] and that she submitted paperwork "[u]pon hire" to disclose her disability, neurodivergent condition, to LDH.[5] Plaintiff claims that she met with her supervisor, Katherine Cane, on May 10, 2023 to provide additional information about her condition,[6] and that she received an email from Cane on June 7, 2023 requesting a meeting, which "triggered Plaintiff's neurodivergent condition, causing Plaintiff severe anxiety."[7] At Plaintiff's request, the meeting was moved to June 8, 2023.[8] Plaintiff claims that she contacted LDH's Human Resources on June 7, 2023 for guidance on how to submit a reasonable accommodation request, and that she was provided with forms for her physician to fill out regarding her condition and the accommodations requested.[9] Plaintiff further alleges that she made an emergency appointment with her doctor to fill out the paperwork, but that she was terminated by LDH on June 8, 2023 before she could meet with her doctor.[10]

On March 13, 2024, Plaintiff filed a Complaint in this Court against LDH, asserting two claims: (1) disability discrimination under the ADA;[11] and (2) retaliation under the ADA and Title VII of the Civil Rights Act.[12]

---

[4] *Id.* at ¶ 5.
[5] *Id.* at ¶ 7.
[6] *Id.* at ¶¶ 9–10.
[7] *Id.* at ¶¶ 11–12.
[8] *Id.* at ¶¶ 13–14.
[9] *Id.* at ¶¶ 15–17.
[10] *Id.* at ¶¶ 18–19.
[11] *Id.* at ¶¶ 22–27.
[12] *Id.* at ¶¶ 28– 32.

LDH filed a Motion to Dismiss on August 9, 2024, asserting that Plaintiff's Title VII claim should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim because there are no allegations involving Plaintiff's race, color, religion, sex, or national origin.[13] Plaintiff did not file a response to the motion, which had a submission date of September 4, 2024. The Court held a Telephone Status Conference in the matter on October 22, 2024, during which counsel for Plaintiff confirmed that Plaintiff had no objection to the motion.[14] The Court therefore issued an oral Order granting the Motion to Dismiss, dismissing with prejudice Plaintiff's Title VII retaliation claim.[15] Plaintiff's claims for retaliation and disability discrimination under the ADA remained pending.[16]

LDH filed the instant Motion for Judgment on the Pleadings on December 9, 2024, asserting that Plaintiff's ADA claims are barred by sovereign immunity.[17] As of the date of this Order, Plaintiff has not filed a response to the Motion.

## II.     LEGAL STANDARD

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[18] "A motion for judgment on the pleadings under Rule 12(c) [of the Federal Rules of Civil Procedure] is subject to the same standard as a motion to dismiss under Rule 12(b)(6)."[19] As explained by the

---

[13] R. Doc. 9.
[14] R. Doc. 21.
[15] *Id.*
[16] *Id.*
[17] R. Doc. 23.
[18] *In re FEMA Trailer Formaldehyde Products Liability Litigation (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (citing authority).
[19] *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citing authority).

Fifth Circuit, "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."[20] "Although we must accept the factual allegations in the pleadings as true, a plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[21] As with a Rule 12(b)(6) motion to dismiss, the Court's review of a Rule 12(c) motion for judgment on the pleadings is limited to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."[22]

### III.  ANALYSIS

Viewing the Complaint in the light most favorable to the Plaintiff, as the Court is bound to do, the Court finds that Louisiana's sovereign immunity bars Plaintiff's ADA claims against LDH.  "A foundational premise of the federal system is that States, as sovereigns, are immune from suits for damages, save as they elect to waive that defense."[23] "State sovereign immunity 'bars citizens of a state from suing their own state or another state in federal court, unless [1] the state has waived its sovereign immunity or [2] Congress has expressly abrogated it.'"[24] Further, "a state's Eleventh Amendment immunity extends to any agency or entity deemed an 'alter ego'

---

[20] *Id.* (quoting *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)) (internal quotation marks omitted).
[21] *Doe*, 528 F.3d at 418 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)) (internal citation omitted).
[22] *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted).
[23] *Fletcher v. La. Dep'. of Transp. & Dev.*, 19 F.4th 815, 817 (5th Cir. 2021) (quoting *Coleman v. Ct. of Appeals of Md.*, 566 U.S. 30, 35, 132 S.Ct. 1327, 182 L.Ed.2d 296 (2012)) (internal quotation marks omitted).
[24] *Fletcher*, 19 F.4th at 817 (quoting *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013)).

or 'arm' of the state."[25] "When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity."[26] This Court has held that Eleventh Amendment sovereign immunity applies to state agencies like the Louisiana Department of Health.[27]

As recognized by the Fifth Circuit, "The Supreme Court has held that Congress did not validly abrogate state sovereign immunity in enacting the ADA."[28] In *Board of Trustees of University of Alabama v. Garrett*, the Supreme Court "held that the Eleventh Amendment bars private money damages actions against the state for violations of Title I of the ADA, which prohibits employment discrimination against individuals with disabilities."[29] "Courts have also held that the reasoning in *Garrett* necessarily applies to retaliation claims brought pursuant to Title V of the ADA that

---

[25] *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002) (citing *Vogt v. Boyd of Comm'rs*, 294 F.3d 684, 688–89 (5th Cir. 2002)). *See Regents of the Univ. of Calif. v. Doe*, 519 U.S. 425, 429, 117 S.Ct. 900, 903, 137 L.Ed.2d 55 (1997) ("It has long been settled that the reference to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities.") (citing authority).

[26] *Cozzo v. Tangipahoa Parish Council – President Gov't*, 279 F.3d 273, 280–81 (5th Cir. 2002).

[27] *See Advocacy Ctr. for Elderly & Disabled v. La. Dep't of Health and Hospitals*, 731 F. Supp. 2d 583, 589 & n.20 (E.D. La. 2010) ("The Fifth Circuit has determined that the Department of Health and Hospitals's predecessor was an alter ego of the State of Louisiana, and was thus entitled to sovereign immunity. *See Darlak v. Bobear*, 814 F.2d 1055, 1060 (5th Cir. 1987). Courts have made the same holding with respect to the current Department of Health and Hospitals. *See, e.g., Johnson v. Easley*, Civ. A. No. 01-3325, 2003 WL 203103, at *2 (E.D. La. Jan. 29, 2003) ('the Louisiana Department of Health and Hospitals is an alter ego of the state and is entitled to Eleventh Amendment immunity')."); *Amir El v. Dep't of Health and Hospitals, State of La.*, Civ. A. No. 16-6545, 2016 WL 7012277, at *2 & n.24 (E.D. La. Dec. 1, 2016) (Morgan, J.) (noting that, "As previously explained, pursuant to legislation passed by the Louisiana Legislature in its 2016 regular session the Louisiana Department of Health and Hospitals is now known as the Louisiana Department of Health.").

[28] *Fletcher*, 19 F.4th at 817 (citing *Bd. of Trs. Of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 360, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001)).

[29] *Johnson-Blount v. Bd. of Supervisors for Southern Univ.*, 994 F. Supp. 2d 780, 784 (M.D. La. 2014) (citing *Garrett*, 531 U.S. at 360, 121 S.Ct. at 960).

are predicated on violations of Title I."[30] As such, to survive a Rule 12(c) motion for judgment on the pleadings in this case, Plaintiff must show that Louisiana has waived its sovereign immunity.[31] Plaintiff has failed to make that showing. "The State of Louisiana has not waived its sovereign immunity under the Eleventh Amendment such that it has consented to be sued in federal court. In fact, Louisiana explicitly maintains its sovereign immunity by statute."[32] As such, the Court finds that Plaintiff's ADA claims against LDH are barred by Eleventh Amendment sovereign immunity.

### IV.  Leave to Amend

While Plaintiff has not filed a response to LDH's Motion, or otherwise requested leave to amend her Complaint, the Court will "freely give leave [to amend] when justice so requires."[33] Nonetheless, leave to amend "is by no means automatic."[34] In exercising its discretion, this Court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the

---

[30] *Johnson-Blount*, 994 F. Supp. 2d at 784 (quoting *Worley v. La.*, Civ. A. No. 10-3313, 2012 WL 218992, at *4 (E.D. La. 2012) (Africk, J.)) (internal quotation marks omitted).
[31] *Fletcher*, 19 F.4th at 817.
[32] *Amir El*, Civ. A. No. 16-6545, 2016 WL 7012277 at *2 (*citing* La. R.S. 13:5106 ("No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court.")). *See Cozzo v. Tangipahoa Parish Council -- President Gov't*, 279 F.3d 273, 281 (5th Cir. 2002) ("By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal courts. *See* La. R.S. 13:5106(A))."); *Citrano v. Allen Corr. Ctr.*, 891 F. Supp. 312, 320 (W.D. La. 1995) ("The State of Louisiana has waived sovereign immunity in tort contract suits but it has not waived its immunity under the Eleventh Amendment from suit in federal court.") (citing authority).
[33] Fed. R. Civ. P. 15(a).
[34] *Halbert v. City of Sherman, Tex.*, 33 F.3d 526, 529 (5th Cir. 1994) (citation omitted).

amendment."[35]  "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion."[36]

Here, it is apparent from the record in this case that amendment will be futile. Plaintiff seeks monetary damages against her only employer, LDH, a result barred by the Eleventh Amendment.  The Court is unaware of how Plaintiff could amend her Complaint to address this procedural bar and Plaintiff has failed to apprise the Court of any facts that she would plead to do so.  The Court further notes that, during a status conference held on October 22, 2024 in this matter, counsel for LDH raised the issue of Eleventh Amendment sovereign immunity and advised that she was contemplating filing a motion asserting Eleventh Amendment immunity.[37]  LDH filed the motion at issue a little over one month later.[38]  Even with knowledge of the Eleventh Amendment sovereign immunity issue over one month prior to the filing of the motion, Plaintiff has not responded to LDH's Motion, nor has Plaintiff sought an extension of time to respond.  For all of those reasons, the Court finds that granting leave to amend is not warranted.

## V.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion For Judgment on the Pleadings,[39] filed by the Louisiana Department of Health, is **GRANTED.** Sarah Grunblatt's retaliation and disability discrimination claims brought against

---

[35] *Nolan v. M/V SANTE FE*, 25 F.3d 1043 (5th Cir. 1994) (citing *Gregory v. Mitchell*, 635 F.2d 199, 203 (5th Cir. 1981)).
[36] *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citation omitted).
[37] R. Doc. 21.
[38] R. Doc. 23.
[39] R. Doc. 23.

the Louisiana Department of Health pursuant to the Americans With Disabilities Act are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, January 7, 2025.

*Wendy B Vitter*
**WENDY B. VITTER**
**United States District Judge**